IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ACQUINETTA LUMZY,
    Plaintiff,

vs.                                              Case No.:  3:15cv184/RV/EMT

SELECT SPECIALITY HOSPITAL,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Defendant's Revised Motion to Dismiss Plaintiff's Complaint (ECF No. 20), filed December 11, 2015.

Plaintiff, who is proceeding pro se, was ordered to respond to the motion by December 30, 2015 (ECF No. 23).   When that deadline passed without a response being filed, the court ordered Plaintiff to show cause as to why the case should not be dismissed for her failure to do so (ECF No. 25).  Plaintiff responded to the show cause order three days late, stating in part that she was still interested in pursuing her case, and that the delay, apparently, was partly due to the fact that she was waiting for "results from Human Relations," which apparently related to a matter she wished to include in the case (ECF No. 26).  Plaintiff was reminded of previous instances in the litigation where she was late in meeting court deadlines, and she was admonished about the court's "growing impression that Plaintiff has little regard for the court's

rules and authority," which "may ultimately cause the dismissal of this case" (ECF No. 27 at 1–2). Plaintiff was also informed that the court had no information regarding her "Human Relations" matter, but that the matter currently before the court—Defendant's motion to dismiss, which largely concerned issues of timeliness with the Equal Employment Opportunity Commission ("EEOC")—needed a response. Plaintiff was then given a deadline of February 22, 2016, to file a response. On the day of the deadline, Plaintiff moved for an extension of time, citing "hardship" (ECF No. 28). The court granted the motion and extended the deadline to March 14, 2016, and stated that no further extensions would be granted absent extraordinary circumstances (ECF No. 29). On March 18, 2016, four days late, Plaintiff filed a paper titled "To Show Cause" (ECF No. 30), which was similar in substance to her earlier show cause response. She also filed a Request for Court Hearing for "clarification of information in case" (ECF No. 31). The court granted the request, and set a hearing for April 27, 2016 (ECF No. 32). The court directed that only the substance of Defendant's pending motion to dismiss would be discussed.

At the hearing, Plaintiff stated she wanted to hire counsel in this action, including with respect to the motion to dismiss. Though reluctant to extend the motion deadline yet again, the court nonetheless granted Plaintiff "one final extension," to May 18, 2016, for Plaintiff to either file a response to Defendant's

motion to dismiss or for counsel to enter an appearance on her behalf. The court added, "If Plaintiff does not file a timely response and no timely notice of appearance has been filed, the court will recommend dismissal of this case for Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and will otherwise resolve Defendant's motion to dismiss based only the documents of record filed on or before May 18, 2016" (ECF No. 34 at 2). On the day of the deadline, Plaintiff filed a Motion for Continuance (ECF No. 35), stating that she was "in the process of retaining an attorney." Defendant filed a response in opposition to the motion (ECF No. 36), which echoes much of the above and adds that Defendant will continue to be prejudiced by the delay in this case as well as the ongoing costs and fees. Since Plaintiff filed her motion, another two weeks has transpired before the filing of the instant Report and Recommendation, and neither Plaintiff nor any counsel has filed anything with the court.

Plaintiff has received multiple continuances and overall nearly six months in which to respond to the motion to dismiss, but she has failed to do so despite the court's warning that failure to do so by the latest deadline would result in a recommendation of dismissal. The court has been more than lenient with Plaintiff, despite her repeated inability to meet deadlines, and indeed, her tendency to flout

them.[1]  Accordingly, Plaintiff's Motion for Continuance will be denied, and, as the court previously stated, dismissal will be recommended under Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute this action.

As the court also indicated it would do, it will now proceed to resolve Defendant's motion to dismiss based on the current record before it.  Plaintiff initiated this action on September 8, 2015, by filing a complaint of discrimination against Defendant Select Specialty Hospital under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990 ("ADA").  Subsequently, and in response to Defendant's initial motion to dismiss, Plaintiff filed an Amended Complaint on December 1, 2015, adding claims under 42 U.S.C. § 1981, The Civil Service Reform Act, the ADA, and the Rehabilitation Act.

Thus, Plaintiff claims violations under the following six counts:

Count 1:   Race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII");

Count 2:   Age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA");

Count 3:   Retaliation under Title VII;

---

[1] As previously noted, the court even held a hearing at Plaintiff's request.  The court used this opportunity to explain to Plaintiff in person the importance of meeting court deadlines and to answer all of Plaintiff's questions regarding court procedures and the like.

    Count 4:    Discrimination under the Rehabilitation Act of 1973 ("Rehabilitation Act") and 29 U.S.C. § 710, et seq.;

    Count 5:    Hostile work environment under Title VII, the Rehabilitation Act and the ADEA; and

    Count 6:    Retaliation under 42 U.S.C. § 1981.

Defendant's motion to dismiss focuses on the fact that Plaintiff's filings with the EEOC relative to the above claims were found to be foreclosed because they were filed late. Plaintiff's claims all relate to her employment as a Health Unit Coordinator and Monitor Technician with the Defendant hospital. In sum, her complaint alleges that she was treated in a discriminatory fashion based on her race, age, gender, and her unidentified disability(ies).[2]

Plaintiff's employment was terminated on February 10, 2014 (ECF No. 18 at 1). Following her discharge, Plaintiff filed a charge of discrimination with the EEOC on January 15, 2015 (ECF No. 18 at 10). On January 22, 2015, the EEOC dismissed her charge, stating, "Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge" (ECF No. 1 at 7, Dismissal and Notice of Rights Letter). Plaintiff filed the instant action on April 22, 2015.

---

[2] While addressing her disabilities, Plaintiff uses the term "occupational stress," though it cannot be discerned whether she means this stress to be her disability or whether the stress was just the result of the discrimination against her based on her yet unidentified disability.

Timely filing a charge of discrimination is a prerequisite to bringing suit under Title VII. Maynard v. Pneumatic Products Corp., 256 F.3d 1259, 1262 (11th Cir. 2001) (citing Section 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e) (1994)). This time provision is strictly followed; failure to file a timely charge results in the claim being dismissed as time barred. National R.R. Passenger Corp. v. Morgan, 122 S. Ct. 2061, 2070, 536 U.S. 101, 108–09 (2002). Ordinarily, a charge of discriminatory employment practice must be filed with the EEOC within 180 days of the employment practice, but the period for filing a charge with the EEOC may be extended to 300 days if the complainant first files a timely charge in a state or local agency in a "deferral state." Id. (citing 42 U.S.C. § 2000e–5(e)(1) (1994)). The burden of proving compliance with these time provisions rests with the plaintiff. Id.

In suits brought under the ADA, the plaintiff must comply with the same Title VII procedural requirements, including filing with the EEOC on a timely basis. Id. (citing Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999)). The same applies to actions brought under the ADEA, Bost v. Federal Express Corp., 372 F. 3d 1233, 1238 (11th Cir. 2004), and under the Rehabilitation Act. Doe v. Garrett, 903 F.2d 1455, 1459–60 (11th Cir. 1990).

Because the last action taken by Defendant, Plaintiff's termination, was taken on February 10, 2014, even assuming that Plaintiff filed a state charge and was thus

entitled to the longer 300-day limitations period, that period would have expired on December 7, 2014.  Plaintiff's filing date with the EEOC, January 15, 2015, was therefore clearly late.  Thus, Plaintiff's claims in Counts 1 through 5, raised as they are under the above-identified federal statutes, are subject to dismissal as being time-barred.

Plaintiff's Count 6 claim under Section 1981, because it is not considered as an associated remedy to Title VII, is the only of Plaintiff's claims to not be subject to the EEOC filing requirement.  Green v. Elixir Industries, Inc., 152 F. App'x 838, 841 (11th Cir. 2005).  Nonetheless, this claim is subject to dismissal as well because it fails to state an actionable claim on the merits.  In this count, Plaintiff claims she was retaliated against after she complained about Defendant's discriminatory practices.  Plaintiff provides only that unnamed persons at the Defendant hospital retaliated by "Encouraging and/or coercing Plaintiff's Co-workers to falsely contradict Plaintiff's truthful allegation of discrimination, harassment and/ or retaliation" (ECF No. 18 at 8).

Section 1981 is applicable to claims of retaliation.  CBOCS West, Inc. v. Humphries, 553 U.S. 442, 128 S. Ct. 1951, 170 L. Ed. 2d 864 (2008).  To establish such a claim, it must be shown that: (1) the plaintiff engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is a causal

connection between these two events.  Porter v. Am. Cast Iron Pipe Co., 427 F. App'x 734, 737 (11th Cir. 2011) (citing Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008)).

Here, Plaintiff fails to provide any detail regarding where and how she engaged in statutorily protected conduct, nor does she draw any sort of nexus between her activity and any particular actions of Defendant or those under its control.  Conclusory allegations of retaliation are insufficient to establish a claim under Section 1981. Johnson v. Coffee County Comm'n, No. 1:13cv414-MHT, 2015 WL 5254432, at *5 (M.D. Ala. Sep. 9, 2015); Hearn v. International Business Machines, No. 8:13-cv-827-T-30EAJ, 2013 WL 5499610, at *3–4 (M.D. Fla. Oct. 1, 2013); Desrouleaux v. Quest Diagnostics, Inc., No. 09-61672-CIV, 2010 WL 1571188, at *2 (S.D. Fla. Apr. 20, 2010); Canty v. Fry's Electronics, Inc., 736 F. Supp. 2d 1352, 1363 (N.D. Ga. 2010).  The court therefore finds that Plaintiff has failed to establish an actionable Section 1981 claim.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED**:

1.     That Defendant's Revised Motion to Dismiss (ECF No. 20) be **GRANTED** under Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute this action and under Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted.

2.      That the clerk enter judgment in favor of Defendant and close the file.

At Pensacola, Florida, this 6th day of June 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**